UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STORM ERIE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NANCY HUNTER, in her individual capacity, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES Plaintiff, Storm Erie, by and through undersigned counsel, who files this Complaint. In support, he states the following:

1. Mr. Storm Erie, a natural person over the age of majority, files this action because his rights under the First Amendment were violated by Ms. Nancy Hunter, a psychiatric aide at the Eastern Louisiana Mental Health System. Specifically, as is discussed below, Ms. Hunter forced Mr. Erie to attend and participate in a religious service.

2. While forcing Mr. Erie to attend a religious service, Ms. Hunter was working for a department of the State of Louisiana. As a result, Ms. Hunter violated one of the basic tenants of the United States Constitution: The Free Exercise Clause, which protects not just the right to believe or the right to worship, but the right to perform or abstain from performing physical acts in accordance with one's beliefs.

3. Here, contrary to his stated desire and preference, Ms. Hunter forced Mr. Erie to participate in a religious service. Federal statutes, including the Religious Freedom Restoration Act of 1993 ("RFRA"), support that protection, broadly defining the exercise of religion to encompass all aspects of observance and practice, whether or not central to, or required by, a

1

particular religious faith.

4. Mr. Erie sues Ms. Hunter, in her individual capacity, under 42 U.S.C § 1983 for violation of his First Amendment rights. By and through this action, Mr. Erie seeks compensatory, nominal, and punitive damages. Through his claim for nominal damages, it is Mr. Erie's position that even an award of nominal damages would serve to deter the individuals who work at the Eastern Louisiana Mental Health System from violating the Constitutional rights of the patients at said facility.

## II.   JURISDICTION AND VENUE

5. Mr. Erie's claims against Defendant Hunter arise under federal civil rights law. This Court has jurisdiction over Mr. Erie's claims of federal rights claim under 42 U.S.C § 1983, which is enforceable in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

6. The venue is proper in the Middle District of Louisiana under 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to these claims occurred in East Feliciana Parish, Louisiana which is situated in the Middle District of Louisiana.

## III.   THE PARTIES

7. Mr. Storm Erie is an individual over the age of majority and currently housed by Court Order at the Eastern Louisiana Mental Health System ("ELMHS") in Jackson, Louisiana.

8. Mr. Erie is housed in the Secure Forensic Facility ("SFF"), which is a housing block at the ELMHS.

9. While the ELMHS is purportedly a hospital, it is set up in all regards as a prison.

10. To get into the ELMHS, visitor must pass through a gate manned by security guards.

11. From there, to get further into the facility, additional guards operate additional

security booths.

12. ELMHS "residents" cannot just come and go as they please. Their movement and housing are regulated and maintained by employees of the Louisiana Department of Health.

13. Indeed, ESLMHS "residents" must abide by onerous and strict terms or risk being "written up." Being "written up" can result in loss of privileges and decreased freedoms.

14. The restrictions and prohibitions for ELMHS residents is lengthy. Even a simple hug is prohibited and possible basis for being written up.

### The Violation of Mr. Erie's Constitutional Rights

15. On Saturday, January 9, 2021, Mr. Erie was forced to attend a religious service at the recreational center.

16. At the time, Mr. Erie was housed at SFF.

17. At approximately 10:00 a.m. the sermon was about to start, and Mr. Erie and several other patients did not want to attend.

18. Nancy Hunter, a psych aide, was the only aide on the ward, and she came around and said "everyone, get ready, we're going to go to the service." Mr. Erie responded that he did not want to go to the service.

19. Ms. Hunter responded that she was going to get a guard and force everyone to go if they did not get ready on their own. Her rationale was that she was the only aid on the ward so she could not leave anyone in their room.

20. Under the threat of forced compulsion, and afraid of being written up or more substantial punishment, Mr. Erie attended the religious service.

21. The service was a decidedly Christian service (not agnostic) and lasted one hour.

22. As is set forth above, Mr. Erie was forced to attend a religious service against his

will.

23. Moreover, the compulsion of Mr. Erie to attend a religious service was done by an employee/agent of the Louisiana Department of Health at a facility owned and operated by the Louisiana Department of Health.

24. By and through the action set forth above, Ms. Hunter violated Mr. Erie's First Amendment rights. Specifically, Ms. Hunter violated the Free Exercise Clause.

25. Moreover, Mr. Erie's right to be free from forced compulsion at a religious service is well established. To satisfy the Establishment Clause a governmental practice must (1) reflect a clearly secular purpose; (2) have a primary effect that neither advances nor inhibits religion; and (3) avoid excessive government entanglement with religion. *Committee for Public Ed. & Religious Liberty v. Nyquist*, 413 U.S. 756, 773, 93 S.Ct. 2955, 2965, 37 L.Ed.2d 948 (1973). The Supreme Court clearly and unequivocally stated that "The First Amendment's Religion Clauses mean that religious beliefs and religious expression are too precious to be either proscribed or prescribed by the State." *Lee v. Weisman*, 505 U.S. 577, 589, 112 S. Ct. 2649, 2656, 120 L. Ed. 2d 467 (1992)

26. Forcing Mr. Erie to attend a religious church service clearly "advanced" religion, prescribed religion, and was a *prima facie* violation of the Establishment Clause.

27. No reasonable governmental employee would have reasonably believed that forcing an individual to attend a religious service was permitted under the Establishment Clause and the clearly established Constitutional jurisprudence.

**The State Refuses to Engage with Mr. Erie, But Punishes Ms. Hunter**

28. On January 13, 2021, undersigned counsel sent a letter to the Chief Executive Officer of the ELMHS, Mr. Hampton Lea.

29. Mr. Lea received this request and, the next day, Ms. Jenna Young, an attorney for

the Louisiana Department of Health responded and stated that "ELMHS is investigating the matter. We will be in touch once the investigation is completed."

30. To date, however, no attorney or representative of the Department of Health has ever followed up with undersigned.

31. Despite failing to engage with counsel for Mr. Erie, on or about February 8, 2021, Gino Bertucci, the director of SFF met with Mr. Storm Erie.

32. At the time Mr. Bertucci met with Mr. Erie, Mr. Erie was represented by counsel. No attempt was made by Mr. Bertucci or counsel for the Department of Health to involve or advise undersigned of the meeting between Mr. Erie and Mr. Bertucci.

33. When Mr. Bertucci met with Mr. Erie, he told Mr. Erie that confronted Ms. Nancy Hunter and Ms. Hunter admitted that the incident occurred.

34. Mr. Berucci said he was going to "re-educate" the staff and that the staff could not force someone to go to a church function.

35. By and through the above statements, Mr. Berucci conceded that the events in question occurred and that Mr. Erie's was, indeed, forced to attend a religious service.

36. By and through this action, Mr. Erie seeks compensatory damages for his mental distress associated with being forced to attend a religious service against his will.

37. Mr. Erie also seeks nominal and punitive damages to vindicate his rights and deter Ms. Hunter and the other ELMHS staff from violating his rights—or the rights of other hospital residents—in the future.

## V.     CLAIM FOR RELIEF

### Claim I: Violation of the Mr. Erie's First Amendment Rights
### Enforced Through 42 U.S.C § 1983
### (Solely as to Ms. Hunter)

38.    Mr. Erie realleges and incorporates paragraph 1 through 37.

39.    As is set forth above, the Religion Clauses of the First Amendment prohibit State employees/agents from prescribing religious beliefs and religious expression.

40.    The Establishment Clause prohibits the State employees/agents from advancing religion.

41.    Here, Ms. Hunter prescribed religious beliefs and religious expression by forcing Mr. Erie to attend a church service against his will.

42.    Additionally, Ms. Hunter advanced religion by forcing Mr. Hunter for attend a church service against his will.

43.    Further, no reasonable governmental employee would have reasonably believed that forcing an individual to attend a religious service was permitted under the Establishment Clause and the clearly established Constitutional jurisprudence.

44.    By and through the above, Ms. Hunter violated Mr. Erie's First Amendment rights.

45.    This action was taken knowingly and intentionally, or with reckless disregard for Mr. Erie's First Amendment rights.

46.    Accordingly, for the conducted detailed above, Ms. Hunter violated Mr. Erie's First Amendment rights.

47.    Mr. Erie's First Amendment rights can be enforced through 42 U.S.C § 1983.

48.    Accordingly, Mr. Erie sues Ms. Hunter, in her individual capacity, under 42 U.S.C § 1983 for violation of his First Amendment rights.

49.    Ms. Hunter's conduct evinced a reckless disregard of the rights of Mr. Erie, a disabled

individual who was subject to Ms. Hunter's control. Thus, an award of punitive damages would be appropriate against Ms. Hunter.

50. As a relief for Ms. Hunter's violation of his First Amendment right, Mr. Erie seeks an award of damages (actual, nominal, and punitive) and attorneys' fees/costs.

## VI. REQUEST FOR TRIAL BY JURY

51. Mr. Erie requests a trial by Jury as to all claims and factual issues.

## VII. RELIEF REQUESTED

52. Wherefore Mr. Erie requests judgment be entered against Defendants and that the Court grant the following:

   a. Award damages (compensatory, nominal, and punitive) against Defendant Hunter 42 U.S.C § 1983 for violation of Mr. Erie's First Amendment rights.

   a. Award costs and attorney's fees pursuant to 42 U.S.C § 1983 and its attendant attorneys' fees/costs provisions;

   b. Order such other and further relief, at law or in equity, to which Mr. Erie may be justly entitled.

Respectfully submitted, this Monday, May 10, 2021

/s/ Garret S. DeReus
BIZER & DEREUS, LLC
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Emily A. Westermeier (LA # 36294)
ewest@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996